UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:20-cv-00353-JPH-MJD<br>) |
| LUKE WINDERS,<br>JASON A. WRIGHT As Personal Representative of Estate of Jason Wright, Decesaed,<br>GEICO CASUALTY COMPANY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On July 9, 2020, State Farm Mutual Automobile Insurance Company filed a complaint against Defendants Luke Winders, Jason Wright, and Geico Casualty Company, seeking declaratory judgment. Dkt. 1. Mr. Winders has not responded or defended this case. On May 26, 2021, Clerk's entry of default was entered against Mr. Winders. Dkt. 55. State Farm now seeks default judgment. For the reasons below, State Farm's motion for default judgment is **GRANTED**. Dkt. [56].

**A. Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*,

1

811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

Here, an entry of default was issued against Mr. Winders, dkt. 55, and State Farm seeks default judgment, dkt. 56. Therefore, the allegations in the complaint, when taken as true, establish liability. *See* Fed. R. Civ. P. 55(b).

## B. Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Here, however, State Farm seeks only a declaration that it is not obligated to defend or indemnify Mr. Winders in the underlying action between Mr. Winders and the other named defendants. Dkt. 1 at 10. Because this action seeks a declaratory judgment, State Farm "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Rule 55(b) requires State Farm to establish the following for the grant of a default judgment: "(1) when and against what parties the default was entered; (2) the pleading as to which default was entered; (3) that the defaulting parties are neither infants nor incompetent; (4) that the defendants are not in military service; and (5) that notice has been served on the defaulting party." *Firemen's Insurance Company of Washington, D.C. v. Swinney*, No. 1:17-cv-00573-TWP-TAB, 2017 WL 6620882, at *2 (S.D. Ind. Dec. 27, 2017).

Here, the Clerk issued entry of default against Mr. Winders on May 26, 2021, "for failure to plead or otherwise defend this action." Dkt. 55. And State

2

Farm submitted an affidavit stating that Mr. Winders "is not an infant, incompetent, or a member of the military or naval services." Dkt. 56-1. State Farm also filed Proof of Service showing that the Complaint for Declaratory Judgment and Summons were served on Mr. Winders on July 14, 2020, via certified mail. Dkt. 9-1.

## Conclusion

State Farm's motion for default judgment is **GRANTED**. Dkt [56]. The Court **DECLARES** that: under Policy 4337-458-14, State Farm Mutual Insurance Company has no duty to defend Luke Winders in *Jason A. Wright as Personal Representative of the Estate of Jason Wright, Deceased, v. Luke Winders and GEICO Casualty Company* and has no duty to indemnify or pay any judgment that may be entered against Luke Winders in that action. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 6/21/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

John B. Drummy
KIGHTLINGER & GRAY, LLP (Indianapolis)
jdrummy@k-glaw.com

Daniel Gore
KEN NUNN LAW OFFICE
dgore@kennunn.com

Randall A. Lakey
GEICO STAFF COUNSEL
rlakey@geico.com

Glenn Andrew Roberts
GEICO STAFF COUNSEL
groberts@geico.com

Todd D. Small
KIGHTLINGER & GRAY, LLP (Indianapolis)
tsmall@k-glaw.com